IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 05-10004-T-An |
| | ) | |
| MARY CHRISTINE GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING MOTION TO RETAIN PSYCHOLOGIST

Defendant has filed a motion for a psychological evaluation prior to her sentencing hearing. As grounds, Defendant states that the evaluation is necessary to assist defense counsel in presenting evidence of Defendant's history of drug addiction and depression. Defendant states that she is financially unable to obtain the evaluation on his own. For the reasons set forth below, Defendant's motion is DENIED.

A request for expert psychological services for use during sentencing is analyzed under 18 U.S.C. § 3006A(e)(1). United States v. Osoba, 213 F.3d 913, 914 (6th Cir. 2000). This section provides:

> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an *ex parte* application. Upon finding, after appropriate inquiry in an *ex parte* proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 5/10/05

Id. "A district court may deny a motion under this section if it finds that the requested services are not necessary for adequate representation." Osoba, 213 F.3d at 916.

The applicable standard for a showing of necessity is set forth in Ake v. Oklahoma, 470 U.S. 68 (1985). As explained in Osoba,

> Under this Circuit's precedent interpreting Ake v. Oklahoma, 470 U.S. 68 (1985), the constitution only requires the government to furnish an indigent criminal defendant psychiatric or psychological assistance during the sentencing phase of a trial if 1) the defendant's sanity was a significant issue during the trial, or 2) defendant is on trial for his life and the state first presents psychiatric evidence of future dangerousness. See Kordenbrock v. Scroggy, 919 F.2d 1091, 1120 (6th Cir.1990) (*en banc*). Due process does not mandate that Osoba be given psychological assistance in this case because his sanity is not primarily at issue and he has not been convicted of a capital offense.

213 F.3d at 917. The court further explained,

> While the Sentencing Guidelines explicitly prohibit some avenues of downward departure (such as race, socioeconomic status, lack of guidance as a youth, or abuse of drugs and alcohol), a judge still has the discretion to depart downward from the guidelines if that judge finds that a defendant had a "significantly reduced mental capacity" at the time of the offense. We have previously indicated that a defendant who has the ability "'to absorb information in the usual way and to exercise the power of reason'" does not have a mental or emotional disorder sufficient to trigger a downward departure for diminished mental capacity.

Id. at 916 (citations omitted).

In the present case, Defendant has not established that she is entitled to a psychiatric evaluation under the standard set forth in Ake nor do the factors she has cited indicate that she cannot "absorb information in the usual way and ... exercise the power of reason'" such that she has "a mental or emotional disorder sufficient to trigger a downward departure for

2

diminished mental capacity."

Although the court may consider evidence of Defendant's alleged drug and alcohol abuse and depression under United States v. Booker, 125 S.Ct. 738 (2005), to determine an appropriate sentence, the presentence report will detail Defendant's mental health history. Therefore, testimony from a psychologist is not necessary, and Defendant's motion is DENIED.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

___9 May 2005___
DATE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 31 in case 1:05-CR-10004 was distributed by fax, mail, or direct printing on May 10, 2005 to the parties listed.

---

Jerry R. Kitchen
U.S. ATTORNEY
109 S. Highland Ave.
Jackson, TN 38301

Michael J. Stengel
STENGEL LAW FIRM
50 North Front Street
Ste. 850
Memphis, TN 38103--111

Honorable James Todd
US DISTRICT COURT